IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Denise Gaines,                                    )
                                                  )
                      Plaintiff,                  )    Civil Action No. _6:23-cv-06477-JD-SVH_
                                                  )
        vs.                                       )         **COMPLAINT**
                                                  )
CEF Solutions, Inc.,                              )    **(Jury Trial Demanded)**
                                                  )
                      Defendant.                  )
_____           )

**PARTIES, JURISDICTION, AND VENUE**

1.      This suit is brought by Plaintiff Denise Gaines ("Plaintiff") against Defendant CEF Solutions, Inc. ("Defendant").

2.      Plaintiff, at all relevant times herein, was a citizen and resident of the State of South Carolina, in Greenville County, South Carolina, and was employed by Defendant.

3.      During its employment of Plaintiff, Defendant provided business process outsourcing services including staffing for, among others, Samsung. Defendant operated one or more call centers for various lines of Samsung products, including the Samsung call center located in Greenville County, South Carolina, where Plaintiff was employed. Upon information and belief, Defendant is a foreign corporation operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Greenville and is authorized to do business within South Carolina. Defendant is a "person" within the meaning of Section 1981 and Title VII. Defendant is an industry that affects commerce within the meaning of Section 1981 and Title VII. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Section 1981 and Title VII.

4.      A charge of employment discrimination on the basis of race discrimination,

and retaliation were filed by Plaintiff with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Determination and Notice of Rights on September 14, 2023. A Determination and Notice of Rights was received by Plaintiff on or about September 14, 2023. Plaintiff exhausted all necessary administrative remedies pursuant to 42 U.S.C. § 2000e-5. This Complaint has been filed within 90 days of receipt of EEOC's Determination and Notice of Rights. As such, Plaintiff has exhausted her administrative remedies and this Complaint is timely.

5.     This suit is brought by Plaintiff against Defendant pursuant to 42 U.S.C. § 1981 ("Section 1981") and Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). As such, this suit involves a federal question pursuant to 28 U.S.C. § 1331.

6.     This Court has subject matter jurisdiction and personal jurisdiction over the parties and matters hereinafter alleged.

7.     Venue under Title VII is proper in this judicial district because it is where: (a) the unlawful employment practices are alleged to have been committed; (b) the employment records relevant to such practice are maintained and administered; or (c) the plaintiff would have worked but for the alleged unlawful employment practice. See, 42 U.S.C. § 2000e-5(f)(3).

8.     Venue under Section 1981 is proper in this judicial district because the general venue statute (28 U.S.C. § 1391(b)) applies, and this lawsuit has been brought in "(1) a judicial district where [Defendant] resides, ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

## STATEMENT OF FACTS

9.      Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

10.      Plaintiff was hired as Defendant's Senior Human Resources Manager on January 18, 2022.

11.      Prior to that time Plaintiff had over 20 years in the Human Resources profession, a Master's Degree in Human Resource Management from Clemson University, and experience as adjunct professor in human resource management.

12.      From the start, Plaintiff was denied the ability to perform the necessary functions of her position. David Yoo instructed her to listen and talk during social hall meetings. Plaintiff learned that she was only hired because Marcia Green, the Vice President of Operations for Samsung requested that Defendant hire human resources personnel.

13.      During her brief tenure with Defendant, Plaintiff nevertheless accomplished the following: (a) Plaintiff prepared and implemented an Employee Handbook; (b) Plaintiff informed Defendant's leadership about compliance with the Family and Medical Leave Act of 1993 ("FMLA"), of which they were previously uninformed; (c) Plaintiff informed Defendant's leadership about compliance with Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), of which they were previously uninformed; (d) Plaintiff prepared and implemented an employee misconduct investigation form; (e) Plaintiff prepared and implemented a work-from-home policy; (f) Plaintiff prepared and implemented a workers' compensation policy; (g) Plaintiff prepared and implemented job descriptions; and (h) Numerous others.

14.      In early March 2022, Director David Yoo contacted Plaintiff to explain that,

3

unknown to her, more offer letters had been sent to candidates around March 7, 2022, than were necessary for the March 14, 2023, project start date. David Yoo explained that he and the client's managers had a video conference and certain candidates were hand-picked, essentially based on nothing more than popularity or favoritism, with no consideration to disparate treatment or disparate impact of the selection process based on any protected characteristics, such as race, sex, gender, religion, age, disability, etc. Plaintiff explained to David Yoo that this hiring practice was improper due to the likely disparate treatment or disparate impact resulting from the selection process.

15.     After this conversation with David Yoo, it became clear she was being discriminated against.

16.      Shortly after she reported these concerns, Defendant terminated her employment on April 15, 2022, for purely pretextual reasons.

17.     Prior to her termination Defendant had not had a formal performance review.

18.     Prior to her termination Defendant had not been informed that she was being considered for termination.

19.     However, there was evidence of discrimination prior to her termination. Defendant attempted to freeze her out of her human resources position. Candidates were interviewed without her knowledge. Offer letters were sent without her knowledge or involvement. She was omitted from human resources-related meetings. She was kept out of the orientation meeting schedule. She was denied information concerning benefits necessary to fully perform the duties of her position. She was denied pay information concerning employees (whereas other Korean employees under her had such information). She was denied a budget for human resources-related projects and special

events. In short, she was set up to fail.

20.    In short, Plaintiff was terminated because she was a black female who sought to ensure nondiscriminatory employment practices were in place. Defendant's management, which was Korean/Asian and male discriminated and retaliated against her for her efforts.

## FOR A FIRST CAUSE OF ACTION
### Title VII (Race Discrimination)

21.    Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

22.    Plaintiff is a member of a protected class on the basis of her race (black). Plaintiff was terminated based on her race in violation of Title VII, despite satisfactorily performing her job at that time of her termination, whereas other similarly situated individuals outside her protected class were treated more favorably.

23.    Plaintiff's race was a determining factor in her termination.

24.    Defendant's stated reasons for her termination were mere pretext for the discrimination against Plaintiff based on her race.

25.    Defendant's actions constituted a violation of Title VII.

26.    Defendant actions were wanton, reckless and intentional.

27.    As a direct and proximate result of the discrimination based on race by Defendant, its agents and employee, Plaintiff is entitled to back pay (including salary increases and the value of all fringe benefits), front pay, damages for emotional distress, punitive damages, attorneys' fees and costs, post-judgment interest, and pre-judgment interest.

## FOR A SECOND CAUSE OF ACTION
### Title VII (Race Discrimination)

28.    Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

29.    As alleged above, Plaintiff performed her job satisfactorily, but, upon reporting improper hiring practices likely resulting in disparate treatment or a disparate impact upon minorities, Plaintiff was retaliated against for asserting rights under Title VII.

30.    The aforementioned conduct constitutes retaliation under Title VII.

31.    As a direct and proximate result of retaliation by Defendant, its agents and employees, Plaintiff is entitled to back pay (including salary increases and the value of all fringe benefits), front pay, damages for emotional distress, punitive damages, attorneys' fees and costs, post-judgment interest, and pre-judgment interest.

## FOR A THIRD CAUSE OF ACTION
### Title VII (Sex Discrimination)

32.    Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

33.    Plaintiff is a member of a protected class on the basis of her sex (female). Plaintiff was terminated based on her sex in violation of Title VII, despite satisfactorily performing her job at that time of her termination, whereas other similarly situated individuals outside her protected class were treated more favorably.

34.    Plaintiff's sex was a determining factor in her termination.

35.    Defendant's stated reasons for her termination were mere pretext for the discrimination against Plaintiff based on her sex.

36.    Defendant's actions constituted a violation of Title VII.

37.    Defendant actions were wanton, reckless and intentional.

38.     As a direct and proximate result of the discrimination based on sex by Defendant, its agents and employee, Plaintiff is entitled to back pay (including salary increases and the value of all fringe benefits), front pay, damages for emotional distress, punitive damages, attorneys' fees and costs, post-judgment interest, and pre-judgment interest.

## FOR A FOURTH CAUSE OF ACTION
### Title VII (Sex/Retaliation)

39.     Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

40.     As alleged above, Plaintiff performed her job satisfactorily, but, upon reporting improper hiring practices likely resulting in disparate treatment or a disparate impact upon minorities, Plaintiff was retaliated against for asserting rights under Title VII.

41.     The aforementioned conduct constitutes retaliation under 42 Title VII.

42.     As a direct and proximate result of retaliation by Defendant, its agents and employees, Plaintiff is entitled to back pay (including salary increases and the value of all fringe benefits), front pay, damages for emotional distress, punitive damages, attorneys' fees and costs, post-judgment interest, and pre-judgment interest.

## FOR A FIFTH CAUSE OF ACTION
### Section 1981 (Discrimination)

43.     Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

44.     Plaintiff is a member of a protected class on the basis of her race (black). Plaintiff was terminated based on her race in violation of Title VII, despite satisfactorily performing her job at that time of the termination. Plaintiff's race was a determining

factor in her termination.

45.    Defendant's stated reasons for her termination were mere pretext for the discrimination against Plaintiff based on her race.

46.    Defendant's actions constituted a violation of Section 1981.

47.    Defendant actions were wanton, reckless and intentional.

48.    As a direct and proximate result of the discrimination based on race by Defendant, its agents and employees, Plaintiff is entitled to back pay (including salary increases and the value of all fringe benefits), front pay, damages for emotional distress, punitive damages, attorneys' fees and costs, post-judgment interest, and pre-judgment interest.

## FOR A SIXTH CAUSE OF ACTION
## Section 1981 (Retaliation)

49.    Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

50.    As alleged above, Plaintiff performed her job satisfactorily, but, upon reporting improper hiring practices likely resulting in disparate treatment or a disparate impact upon minorities, Plaintiff was retaliated against for asserting rights under Section 1981.

51.    As a direct and proximate result of retaliation by Defendant, its agents and employee, Plaintiff is entitled to back pay (including salary increases and the value of all fringe benefits), front pay, damages for emotional distress, punitive damages, attorneys' fees and costs, post-judgment interest, and pre-judgment interest.

## REQUEST FOR RELIEF

Plaintiff requests judgment in her favor and against Defendant on all causes of

action in an amount to be determined by a jury for:

(a)     back pay under Title VII and Section 1981, including salary increases and

the value of all fringe benefits;

(b)     front pay under Title VII and Section 1981;

(c)     damages for emotional distress under Title VII and Section 1981;

(d)     punitive damages under Title VII and Section 1981;

(e)     attorneys' fees and costs under Title VII and Section 1981;

(f)     post-judgment interest;

(g)     pre-judgment interest; and

(h)     such other equitable relief as this Court may deem just and proper.

Respectfully submitted,

Matthew K. Johnson (Fed. Id. No. 6908)
MATTHEW K. JOHNSON LAW FIRM, LLC
109 Laurens Road, Bldg 2, Suite A
Greenville, SC 29607
matt@mkj-law.com (email)
(864) 326-4397 (office)

ATTORNEY FOR PLAINTIFF,
Denise Gaines

December 13, 2023

**Plaintiff demands a trial by jury on all issues so triable.**